**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tariq K Dema, et al., | No. CV-23-00303-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| John S Halikowski, | |
| Defendant. | |

Pending before the Court is Defendant Halikowski's Motion to Dismiss Amended Complaint (Doc. 6). The Court has reviewed Plaintiffs' Response and Objection to Defendant's Motion to Dismiss (Doc. 10) and Defendant's Reply (Doc. 11). Plaintiffs have also filed a Motion to Oppose Removal (Doc. 8), to which Defendant has filed a Response (Doc. 9), and Plaintiffs a Reply (Doc. 12). Also pending is Plaintiffs' Motion to Strike (Doc. 13), to which Defendant has filed a Response (Doc. 14). The Court will grant Defendant's Motion to Dismiss Amended Complaint and deny Plaintiffs' Motion to Oppose Removal and Motion to Strike for the reasons set forth below.

**I.   MOTION TO STRIKE**

Plaintiffs ask this Court to strike Defendant's Reply to the Motion to Dismiss (Doc. 11) as well as Defendant's Response to Plaintiffs' Opposition to Removal (Doc. 9). Plaintiffs claim that neither of these pleadings are authorized by Federal Rule of Civil Procedure 7(a). However, Plaintiffs ignore Rule 7(b) which broadly covers procedures for filing motions. A motion is simply a request to the Court for an order. Local Rule 7.2

authorizes the filing of a response 14 days after service of the motion. Local Rule 7.2(e)(1) also limits any response to 17 pages, which Plaintiffs have violated by filing a 40-page Response to the Motion to Dismiss. Additionally, Local Rule 7.2 authorizes the filing of a reply 7 days after service of the response, and a limitation not to exceed 11 pages. Defendant's filings are all authorized, so Plaintiffs' Motion to Strike will be denied. **In the future, all parties must be careful to adhere to the page limits in Local Rule 7.2, failure to comply with the page limits could result in their pleadings being stricken from the record**.

## II.     MOTION TO OPPOSE REMOVAL

Plaintiffs filed a Complaint and Amended Complaint in state court. The Amended Complaint ("AC") was filed on November 29, 2022, alleging a claim under Title 42 U.S.C. § 1983 against John Halikowski, the Director of the Arizona Department of Transportation ("ADOT").[1] Plaintiffs' AC was filed in relation to a criminal restitution lien that was placed on a vehicle owned by Plaintiff Tariq Dema ("TD") and leased by Plaintiff Victor Dema ("VD"). Plaintiff TD alleges that he was unable to transfer the title of the vehicle to another because of the lien. Plaintiff TD also alleges that they were unable to renew the registration after it expired on or about March 1, 2020. As a result, he was unable to use the car for transportation, and Plaintiffs lost job opportunities and enjoyment from traveling.

Plaintiffs allege that the restitution lien arises from criminal case number 2002-015058, a case against Plaintiff VD. Plaintiffs allege that Defendant is responsible for the June 9, 2021 denial of the request to have a hearing to remove the restitution lien in case number RL 20-68330. Plaintiffs did not attach the order denying the hearing, but it was attached to Defendant's Reply to the Motion to Dismiss (Doc. 11). The Order Denying Hearing Request was signed by Administrative Law Judge John Schulz. (Doc. 11-1 at 12.)

"Federal courts are courts of limited jurisdiction. They possess only that power

---

[1] Director Halikowski has since retired on January 29, 2023.

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The removing party bears the burden to establish federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). When plaintiff chooses a state rather than federal forum, "the removal statute is strictly construed against removal jurisdiction." *Id.* If at any time before final judgment the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In the Reply to the Motion to Oppose Removal, Plaintiffs take issue with the fact that the Court "fiercely compelled Plaintiffs to respond to Defendant's motion to dismiss and severely warned Plaintiffs of the repercussion of their failure to respond to the motion, or else . . . ." (Doc. 12 at 2.) The Court is obligated under Ninth Circuit law to issue warnings when a party is not represented by a lawyer. The warning was not intended to offend Plaintiffs, but rather was issued to comply with direction from the Ninth Circuit Court of Appeals. *See Romero v. Evans*, 175 F. App'x 130, 131–32 (9th Cir. 2006) (instructing that the District Court has an obligation to warn a pro se litigant that the failure to respond could result in dismissal).

The substance of the Motion to Oppose Removal claims that the notice of removal was untimely and argues the Court should refrain from hearing the case under the *Younger* and *Pullman* doctrines.

**A.  Timeliness**

Pursuant to 28 U.S.C. § 1446(b)(1),

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is

shorter.

Plaintiffs rely on the language "receipt by the defendant, through service or otherwise" to argue that the 30 days' time limit started on November 30, 2022. On that date, Plaintiffs left a copy of the Complaint at ADOT's Safety Risk Management Department, and at the Arizona Attorney General's Office. (Doc. 1-3 at 80.) However, the U.S. Supreme Court has narrowly construed that language to mean that the receipt must be related to some formal process of service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). In *Murphy*, the defendant had receipt of the complaint by fax 44 days before removal but was not formally served until 30 days prior to removal. The Supreme Court said the 30-day limit was not triggered until formal service occurs. *Id.* at 1322.

In this case, Plaintiffs are suing Defendant Halikowski in his unofficial, personal, and individual capacity. That means Defendant Halikowski must be served personally. Leaving the Complaint at the Arizona Attorney General's Office or ADOT does not suffice. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1348–49 (9th Cir. 1982). Plaintiffs never had Defendant Halikowski personally served. Defendant Halikowski's counsel accepted service on his behalf via letter on January 20, 2023. In Arizona, "when a defendant waives service of process, service is effective from the time that a signed waiver is filed with the court." *Cooke v. Masterpharm, LLC*, No. CV-10-845-PHX-GMS, 2010 WL 2490536, at *2 (D. Ariz. June 16, 2010). Therefore, the February 17, 2023 Notice of Removal is timely.

### B. *Younger* Doctrine

"In 'exceptional circumstances,' the *Younger* abstention doctrine instructs federal courts to decline to hear a case when a parallel state proceeding is ongoing." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 587–88 (9th Cir. 2022) (2023) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 368 (1989)). For this doctrine to apply there must be a qualified state proceeding that is (1) ongoing; (2) implicates important state interests; and (3) provides adequate opportunity to raise

federal claim. *Id.* at 588. A qualified state proceeding is either state criminal prosecutions, certain civil enforcement proceedings, or civil proceedings that invoke the state courts' ability to perform their judicial functions. *Id.* This doctrine arose out of concerns for comity and federalism. Additionally, "once the three *Middlesex* elements are satisfied, the court does not automatically abstain, but abstains only if there is a *Younger*-based *reason* to abstain—i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

Here, Plaintiffs argue that this doctrine should be applied because there is an ongoing civil action in state court, the claims in state court involve important state interest in House Bill 2311 of Chapter 19, and the Arizona courts are able to litigate constitutional challenges. (Doc. 8 at 14.) Defendant argues that there are no pending proceedings affecting the State of Arizona's interests. (Doc. 9 at 10.) Upon review of the AC, there doesn't appear to be any ongoing state proceeding. The hearing regarding the criminal restitution lien was concluded in June 2021, according to the AC. Additionally, the Plaintiffs are seeking damages resulting from ADOT's actions and there is no request for an injunction that would interfere with the state's authority to oversee vehicle registration and titling. Therefore, the Court finds that the *Younger* doctrine does not require the Court to decline to hear this case.

### C. *Pullman* Doctrine

The Court next reviews the *Pullman* abstention doctrine, which is described as "a narrow exception to the district court's duty to decide cases properly before it. *Pullman* allows postponement of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001) (quoting *Kollsman v. City of L.A.*, 737 F.2d 830, 833 (9th Cir. 1984)). Plaintiffs do not explain how this doctrine would apply in this case, but state "[t]his classic case dictates that the federal court should stay, but not dismiss, the action while the state court resolves the issue of state law." (Doc. 8 at 17.) However,

Plaintiffs claims don't revolve around interpreting state statute. That is not a necessary determination to decide if Defendant acted appropriately within his authority. The Court finds that the *Pullman* doctrine does not apply.

For these reasons, Plaintiffs' Motion to Oppose Removal is denied.

## III.    MOTION TO DISMISS

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### A. Official Capacity Claims

Defendant first moves to dismiss any official capacity claims because they are barred by the Eleventh Amendment. Plaintiffs do not dispute this argument but point out that there are no claims made against Defendant in his official capacity in the AC. Defendant argues that while Plaintiffs state they are suing Defendant in his individual capacity, his legal theories require that Defendant be deemed to be acting in an official capacity. While that may be true, it is also true that state officers are subject to § 1983 liability in their personal capacity for conduct relating to their official duties. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997). The AC is clear that their intent is to sue Defendant in his individual capacity, whether they can do that or not is addressed below. However, the Court will grant Defendant's Motion to Dismiss any official capacity claims to the extent they exist.

### B. Individual Capacity Claims

Next, Defendant argues Plaintiffs have failed to state a plausible claim for relief against him in his unofficial, individual, or personal capacity. Specifically, the AC contains no allegations of Defendant having any specific knowledge or involvement in any of the actions taken by ADOT. Defendant argues that he cannot be liable simply because he was the Director. Plaintiffs respond that they have stated a claim for relief.

"To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiffs must also show personal participation by Defendant in any alleged constitutional violation. *See Freeman v. Ducey*, No. CV-20-00287-TUC-RM, 2021 WL 2317868, at *5 (D. Ariz. June 7, 2021). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In this case, Plaintiffs have not alleged any facts to show that Defendant participated in any of the actions by ADOT that are the basis for these claims. Nor are there any facts to show that Defendant directed the violations or knew of the violations and failed to prevent them. Plaintiffs' Response acknowledges that their theory of liability is based upon respondeat superior liability and vicarious liability. (Doc. 10 at 20.) Further, Plaintiffs state that their theory is that Defendant is liable because "he was the director of ADOT during the period when his subordinates negligently and/or willfully misrepresented key information that under Arizona amended law of chapter 19 H.B. 2311 of March 2013 and A.R.S. §13-806(H), criminal restitution lien cannot be perfected on a Titled Motor Vehicle." (Doc. 10 at 26.) These allegations or theories are not sufficient to satisfy the requirement that Defendant was personally involved in the constitutional violation. Therefore, Plaintiffs claims under Section 1983 will be dismissed.

### C. State Law Claims

Defendant also moves this Court to dismiss any state claims because Plaintiffs failed to comply with A.R.S. § 12-821.01, which requires that:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). "When a person asserts claims against a public entity and public employee, the person 'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App.

2007) (quoting *Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996)). Arizona courts have held that plaintiffs who do not strictly comply with these requirements are barred from bringing suit. *See Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005); *see also Harris*, 160 P.3d at 230.

First, the Court notes that there are no state law claims alleged in the AC. Yet, Plaintiffs argue that their state law claims should not be dismissed. To the extent Plaintiffs may attempt to assert a state law claim in any future amended complaint, the Court will address this issue now. Both parties argue about compliance with the 180-day requirement. Without addressing that, the Court will grant Defendant's Motion because Plaintiffs have not shown that the notice was served on Defendant individually. The certificate of service attached to the Notice of Claim and signed by Plaintiff VD says that it was served on ADOT. This does not satisfy notice on Defendant individually. *See Crick v. City of Globe*, 606 F. Supp. 3d 912, 917 (D. Ariz. 2022) (delivery of a notice of claim to the city police department, instead of the individual officers, did not satisfy requirements of Arizona notice of claim statute); *see also Spears v. Ariz. Bd. of Regents*, 372 F. Supp. 3d 893, 920 (D. Ariz. 2019) (individual defendants dismissed because they were not served the notice of claim individually, but rather to the Arizona Board of Regents). Thus, to the extent Plaintiffs seek to make state law claims, those are prohibited for failure to comply with Arizona notice of claim statute.

### D.  Punitive Damages

Defendant moves to dismiss any request for punitive damages because there are no factual assertions to support the required mental state for punitive damages. Because the Court is dismissing all of the claims for the reasons stated above, there can be no punitive damages and the Motion will be granted.

### IV.  LEAVE TO AMEND

In accordance with the well-settled law in this Circuit, because "it is not absolutely clear that [Plaintiffs] could not cure [the Complaint's] deficiencies by amendment," the Court will give them the opportunity to do so. *See Jackson v. Barnes*,

749 F.3d 755, 767 (9th Cir. 2014) (cleaned up). *See also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (holding that a pro se litigant must be given leave to amend "if it appears at all possible that the plaintiff can correct the defect" in the complaint) (citation omitted)); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires"). Plaintiffs' Complaint must be amended to address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Examples of different complaints demonstrating the proper form can be found in the appendix of forms contained with the Federal Rules of Civil Procedure (forms 11–21). Within thirty (30) days from the date of entry of this Order, Plaintiffs may submit an Amended Complaint. Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint." The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

## V. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** granting Defendant Halikowski's Motion to Dismiss Amended Complaint (Doc. 6) without prejudice and with leave to amend within thirty (30) days from the date of entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiffs do not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Strike (Doc. 13) and Motion to Oppose Removal (Doc. 8).

Dated this 15th day of June, 2023.

Honorable Susan M. Brnovich
United States District Judge